Filed 1/23/23 P. v. Bridget CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY EDWARD BRIDGET,<br><br>    Defendant and Appellant. | G061150<br><br>(Super. Ct. No. 13CF1025)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge. Affirmed.

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Anthony Edward Bridget of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a)),[1] first degree murder (§ 187, subd. (a)), aggravated assault (§ 245, subd. (a)(1)), and false imprisonment by violence (§§ 236, 237, subd. (a)). As to the murder, the jury found two special circumstance allegations true: murder for financial gain, and murder by means of lying in wait (§ 190.2, subd. (a)(1), (15)). The trial court found prior conviction enhancement allegations true for four prior strikes (§§ 667, subds. (d), (e), 1170.12, subds. (b),(c)), two serious felony convictions (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)). In 2020, another panel of this court affirmed the judgment in part and reversed it in part. (*People v. Bridget* (Aug. 31, 2020, G056928) [nonpub. opn.].)

In November 2021, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2] In his petition, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] 2a. At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine. [¶] . . . [¶] 3. I could not now be convicted of 1st or 2nd degree murder because of changes made to . . . §§ 188 and 189, effective January 1, 2019."

The trial court summarily denied defendant's petition for resentencing. The court concluded defendant was ineligible for relief as a matter of law because the murder conviction was not based on felony murder or a natural and probable consequences theory. Instead, the court noted defendant's conviction was based on the theory of aiding and abetting. The court also held the jury necessarily found defendant acted with the

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

2

intent to kill in order to find him guilty of first degree murder and conspiracy to commit murder and to reach true findings on the special circumstance allegations.

Defendant timely filed a notice of appeal and we appointed counsel to represent him. Counsel advised the court he was unable to find an issue to argue on defendant's behalf and requests that we review the entire record. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given the opportunity to file written argument on his own behalf, but he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's *Wende* brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

DISCUSSION

Defendant's petition is without merit because the record of conviction establishes defendant was not convicted based on felony murder or the natural and probable consequences theory of vicarious liability. In determining whether the petitioner has made a prima facie case for relief, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including the underlying facts as presented in an appellate opinion, the trial evidence, the jury instructions, and closing arguments of counsel. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the jury was never instructed on felony murder or natural and probable consequences. Instead, defendant was convicted on a theory of aiding and abetting. In any event, defendant was ineligible for relief as a matter of law because he

3

was convicted of conspiracy to commit murder. Given the guilty verdict on conspiracy to commit murder, the jury necessarily found the murder count was based on defendant's intent to kill. To support a finding of the special circumstance of murder for financial gain, the jury also necessarily found the murder was intentional. (§ 190.2, subd. (a)(1).) Likewise, the lying-in-wait special circumstance required the jury to find defendant aided and abetted the killing of the victim with express malice. (§ 190.2 subd. (a)(15).)

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1).) Because defendant was *not* convicted based upon felony murder or the natural and probable consequences theory, as he alleges, relief under section 1172.6 is not available to him.

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.

4